IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX D. CAMP,<br><br>    Plaintiff,<br><br>  v.<br><br>Teacher P. LEONIDA and Supervisor W. REEVES, in their Individual and Official Capacities,<br><br>    Defendants. | No. C 08-4515 WHA (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, an inmate at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff alleges that he told defendant Leonida that he felt an seizure coming on. Leonida forced him to get back to work; plaintiff had a seizure and suffered a head injury, which still causes him headaches nearly two years later. In the absence of any allegation that Leonida was aware that plaintiff was subject to seizures or any other allegation of a reason that Leonida should have known that plaintiff's concern was valid, plaintiff has not stated a claim against Leonida. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to be held liable prison official must be shown to have been deliberately indifferent, i.e., the official knows of and disregards an excessive risk to inmate health or safety). The claim against Leonida will be dismissed with leave to amend.

Plaintiff describes the other defendant, W. Reeves, as a supervisor, but does not mention Reeves or provide any facts about his or her involvement, if any, in the seizure events. A supervisor cannot be held liable under Section 1983 just because he or she is the superior of a

2

1  person who violated the plaintiff's rights; that is, there is no respondeat superior liability under
2  Section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).   A supervisor therefore
3  generally "is only liable for constitutional violations of his subordinates if the supervisor
4  participated in or directed the violations, or knew of the violations and failed to act to prevent
5  them." *Ibid.*  Because plaintiff has not mentioned Reeves in his statement of his claim, the
6  claim must be dismissed with leave to amend.

**C.    MOTION FOR COUNSEL**

Plaintiff has filed a motion for "appointment" of counsel.

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1).  This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).  In short, the Court has only the power to ask pro bono counsel to represent plaintiff, not the power to "appoint" counsel.

Plaintiff has managed to present his claims adequately so far, and at this point all that he needs to plead is facts.  The motion will be denied without prejudice to raising it again later if the case becomes more complex.

**CONCLUSION**

1. Plaintiff's motion for appointment of counsel is **DENIED**.

2. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

///

3

3.  It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely manner or the case may be dismissed.

**IT IS SO ORDERED.**

Dated: April __6__, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.08\CAMP4515.DWLTA.wpd

4